UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


FORNEA, ET AL. VS.                          CIVIL ACTION


VERSUS                                      NO: 14-1691


INTERNATIONAL PAPER CO., ET AL.             SECTION: R


**ORDER**

Plaintiffs move to remand this case to state court.[1]
Because the Court lacks jurisdiction to hear the case, the Court
GRANTS the motion.


**I.   BACKGROUND**

Plaintiffs argue that the Court lacks diversity jurisdiction
to hear this case under 28 U.S.C. § 1332 because plaintiffs are
Louisiana citizens and have sued, among others, three individual
defendants who are domiciled in Louisiana and who should be
considered citizens of Louisiana for purposes of determining
diversity.  Defendant International Paper Company initially
opposed remand, arguing that the three non-diverse defendants had
been improperly joined and thus should not factor into the
Court's diversity analysis.[2]

---

[1]   R. Doc. 9.

[2]   R. Doc. 11.

After International Paper filed its opposition, however, plaintiffs amended their complaint to add yet another allegedly non-diverse defendant: J&K Logging, LLC, which plaintiffs allege is a limited liability corporation organized under the laws of Louisiana.[3]  In the Fifth Circuit, "the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  But plaintiffs do not identify J&K's members or allege the states of citizenship of its members.  Thus, the Court takes judicial notice of the Louisiana Secretary of State's Business Filings records to determine the identity and citizenship of J&K's members.  *See* Fed. R. Evid. 201(b), (c); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (noting that it is "clearly proper" for a district court "to take judicial notice of matters of public record"); *Williams v. Homeland Ins. Co. of N.Y.*, 657 F.3d 287, 291, n.5 (5th Cir. 2011) (characterizing the Louisiana Secretary of State's records as a "public records" database).

The Secretary of State's Business Filings database contains one entry for a "J & K Logging, L.L.C.," a limited liability corporation with three members: (1) Steven L. King; (2) Gwen King; and (3) Steven Singletary.  The address provided for both Steven and Gwen King is in Bogalusa, Lousiana.  The address provided for Singletary is in Pearl River, Louisiana.  Because

---

[3]     R. Doc. 15.

J&K's members are all citizens of Louisiana, J&K is a citizen of Louisiana for purposes of the Court's diversity determination. *See Harvey*, 542 F.3d at 1080.

The Court gave International Paper the opportunity to brief whether removal remained proper despite the addition of J&K as a defendant.[4] International Paper filed a supplemental opposition to remand in which it admitted, "it does appear likely that the addition of a Louisiana-based party removes the diversity of citizenship that is the basis of IP's opposition to remand."[5] International Paper does not argue that plaintiffs fraudulently or improperly joined J&K.

## II. DISCUSSION

Unless a federal statute expressly provides otherwise, a defendant may remove a civil action filed in state court if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). The removing party "bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). In assessing whether removal was appropriate, the Court is guided by the principle, grounded

---

[4] R. Doc. 16.

[5] R. Doc. 22.

3

in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723 (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Diversity jurisdiction exists only when the amount in controversy is met and there is complete diversity of citizenship between the parties. *See* 28 U.S.C. § 1332(a). The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Here, International Paper removed solely on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). The presence of J&K in the case destroys diversity, and International Paper does not argue that J&K was fraudulently or improperly joined. Because the addition of J&K destroys diversity, the Court need not reach the question whether the three individual Louisiana defendants were properly joined. The Court lacks subject matter jurisdiction to hear the case, and the case must be remanded.

**III. CONCLUSION**

    The Court GRANTS plaintiffs' motion to remand, and remands the case to state court.


    New Orleans, Louisiana, this 19th day of February, 2015.


                       SARAH S. VANCE
                UNITED STATES DISTRICT JUDGE